CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 2 6 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| VINCE GILMER, | ) | Civil Action No. 7:08-cv-00618 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. OFOGH, et al., | ) | By: Hon. Jackson L. Kiser |
|     Defendants. | ) | Senior United States District Judge |

Vince Gilmer, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Gilmer names facility doctor Ofogh and Correctional Captain Fore of the Southwest Virginia Regional Jail as the defendants. Gilmer alleges that the defendants violated his constitutional rights. The matter is before me for screening. After reviewing Gilmer's submissions, I dismiss the complaint as untimely.

I.

Gilmer alleges the following facts. Gilmer told Ofogh that he suffered from SSRI withdrawal syndrome[1] ("SSRIWS"), but Ofogh did not know about SSRIWS. (Comp. 8.) Gilmer becomes violent and has no control over anything that happens when he experiences SSRIWS. (Id. at 12.) Only an SSRI drug can treat SSRIWS. (Id. at 10.) SSRIWS is a new syndrome that was proven in the Paxil-withdrawal law suit. (Id. at 9.) Ofogh stopped Gilmer's medicine and prescribed him desipramine to save money while treating the SSRIWS. (Id. at 8, 9.) Gilmer gave Ofogh a 1997 American Society of Pharmaceutics article stating that desipramine did not treat SSRIWS. (Id. at 10.) The article also recommended not lowering SSRI dosages more than 20% every two to three weeks. (Compl. 12.) Gilmer tried desipramine while

---

[1] SSRI stands for "selective serotonin reuptake inhibitors" and are a class of chemical compounds used in antidepressant medications.

he was in medical school, and he subsequently felt bugs crawling over his skin and could not excrete bodily wastes for three days. (Id. at 11.)

On May 27, 2005, Ofogh reduced Gilmer's SSRI prescription by 50% and started Gilmer's desipramine medicine. (Id. at 15.) Gilmer felt bugs on his skin and did not excrete bodily wastes for three days. (Id.) Gilmer's experienced heightened anxiety, anger, confusion, and walked like a chimpanzee. (Id. at 16.) Gilmer released his anger by uncontrollably screaming at a guard. (Id. at 18.) Six guards subdued him by breaking his teeth and pepper-spraying his urethra. (Compl. 18.) On June 1, 2005, Gilmer filed an inmate request form to restart his SSRI medicine. (Id. at 19.) A nurse restarted Gilmer's SSRI medicine, but Ofogh stopped it again on July 25, 2005. (Id. at 28.) Ofogh continued to interrupt Gilmer's receipt of SSRI drugs between 2005 and 2006. The SSRIWS interfered with Gilmer's ability to represent himself in his criminal trial. (Id. at 30-38.)

Gilmer alleges that Ofogh refused to order the proper diet for reactive hypoglycemia and Ofogh was deliberately indifferent to SSRIWS, causing Gilmer's incompetency during his criminal trial. (Id. at 44-45.) Gilmer also alleges that defendant Fore did not provide him with any law books when Gilmer was a pretrial detainee and preparing to defend himself in his criminal trial, in violation of his due process rights. (Id. at 44.)

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are

2

clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 adopts the statute of limitations that the forum state uses for general personal injury cases. Owens v. Okure, 488 U.S. 235, 249-50 (1989); see Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that Virginia's rules regarding equitable tolling apply when Virginia's statute of limitations applies); see also Va. Stat. § 8.01-229. Virginia's applicable statute of limitations for § 1983 actions is two years. See Va. Code § 8.01-243(A). However, federal law itself governs the question of when a cause of action accrues. See Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief." Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., 522

3

U.S. 192, 201 (1997).

It is clear from Gilmer's submissions that he became aware of the facts supporting his present claims more than two years before filing this suit. Gilmer's complaint that Fore did not provide him law books while he was a pre-trial detainee accrued by August 2005, the month the jury convicted him. Gilmer's claim against Ofogh accrued in May 2005 when Ofogh first withdrew Gilmer's medicines despite the information Gilmer gave Ofogh about SSRIWS. However, Gilmer filed this action no earlier than November 26, 2008, beyond the two year limitations period.

Gilmer does not provide any information to excuse his untimeliness although the court advised him of the untimeliness and provided him the opportunity to explain it. Gilmer does not argue any grounds for equitable tolling. See Almond v. Kent, 459 F.2d 200, 203 (4th Cir. 1972) (holding that Virginia's tolling statute does not toll statutes of limitations during a plaintiff's period of incarceration); Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).[2] Accordingly, I dismiss Gilmer's complaint for failing to state a claim upon which relief may be granted because his claims are untimely. See Jones v. Bock, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if . . . relief is barred by the applicable statute of limitations . . . ."); Lewis v. Angelone, 118 Fed. Appx. 767, 768 (4th Cir. 2005) (giving appellant

---

[2]Under Virginia law, the "continuing treatment rule" tolls the two-year statute of limitations in certain malpractice actions. Va. Code § 8.01-243(C). Under this rule, the statute of limitation begins to run at the termination of a substantially uninterrupted course of improper examination or treatment by the same physician for the same or related illness or injury, not at the time of an initial act of malpractice. Robb v. United States, 80 F.3d 884, 894-95 (4th Cir. 1996). However, a § 1983 claim is not a malpractice claim and an allegation of malpractice does not state a cognizable constitutional violation. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Therefore, the continuing treatment rule does not apply to this action.

a strike under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted because statute of limitations barred the complaint).

III.

For the foregoing reasons, I dismiss Gilmer's complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the claims are untimely.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 26th day of May, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge